NEALLY *v.* WILHELM, *et al.*

Where N. contracted with W. to sell him a cow, and W. directed the cow to be delivered at his slaughter house, under the stipulation that he would pay as much for her as if he had previously seen her, and where N. delivered the cow as directed, and W. not finding her as good as he expected, directed her to be turned loose, whereby she was lost; held, as the sale was absolute and the price only conditional, that W. was liable to N. for the value of the cow; held, also, that if the sale had been conditional, he would still be liable as bailee for gross negligence.

*Appeal from Des Moines District Court.*

*Opinion by* GREENE, J.  This suit was commenced before a justice of the peace, by M. W. Neally against Wilhelm and Ramge, for the price of a cow.  On final trial, in the district court, judgment was rendered in favor of defendants.

It is urged that this decision is erroneous, and that appellant should recover the value of the cow.  The evidence in the case shows that John Wolverton, as Neally's agent, made an arrangement with Wilhelm & Ramge to

Neally v. Wilhelm.

sell them the cow in question ; that they first agreed to go
out and see the cow, but did not ; that they afterwards
told the agent to deliver the cow to them ; that they would
give just as much for the cow as if they' went out to see
her ; that they directed the agent to deliver the cow at the
slaughter house, and if neither of them was there, one of
the hands would take charge of her ; that the cow was
delivered accordingly at the slaughter house, to one of the
hands, and secured in the yard, and the agent departed.
Soon after, Wilhelm came to the slaughter house, and after
inquiring about the cow, directed his man to turn her out,
on the ground that she would not make good beef. The
cow was accordingly turned out, and was never afterwards
heard of. Neally's witness swears that the cow was in good
order for beef. The man who received her, swears that
she was not. The evidence shows that the cow was worth
about fourteen dollars. The question to be decided is,
which of the parties should suffer the loss of the cow.

The agreement with Neally's agent was unconditional.
He was to deliver the cow to defendants, or their man, at
their slaughter house, and they would pay as much for
her as though they had previously seen her. The cow
was delivered accordingly into their possession, and there-
upon they became liable to Neally for the value of the
cow.

But it is claimed that the cow was not fit for beef, and that
therefore they were under no obligation to take her. The
evidence in relation to the condition of the cow is equally
balanced. The price was dependent upon the condition
of the cow, the sale was not. The delivery and sale were
unconditional, and the price conditional. If the cow was
not as good as recommended, they could abate the price
accordingly.

After their unconditional direction to the agent to deliver
the cow, and after he had gone to the expense and trouble
to bring her a distance of ten miles, it was their duty to

take the cow and fix a price upon her. From the moment they took possession of her either in person or by their agent, they became liable for her value.

This liability would attach to them even if the sale had been conditional. They authorized the delivery of the cow into their possession. If she was not what they contracted for, they should have notified Neally's agent, or should have returned her to his possession.

By their own consent and direction, they became bailees, and as such, are liable for the loss resulting from such gross negligence.

Judgment reversed.

*Browning* and *Tracy*, for appellant.

*L. D. Stockton*, for appellees.